IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEDRICK LARON NORWOOD # 152603**                                                **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:13cv388-RHW**

**SIMPSON COUNTY,** *et al.*                                                     **DEFENDANTS**

## MEMORANDUM OPINION

This case is before the Court on [31] Defendants' Motion to dismiss or for summary judgment filed February 25, 2014. Plaintiff has filed no response to the motion and the time for doing so has expired. At the February 4, 2014 omnibus/*Spears* hearing, all parties consented to the exercise of jurisdiction by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, and the case has been reassigned to the undersigned for all further proceedings. [30] For the reasons which follow, the Court finds summary judgment appropriate in this case.

### Facts and Procedural History

Dedrick Laron Norwood, inmate # 152603, is presently incarcerated at George County Correctional Facility serving a ten-year sentence for a conviction of burglary of an unoccupied dwelling out of Simpson County, Mississippi. His tentative release date is December 22, 2021. In his complaint, dated May 8, 2013 and filed June 19, 2013, Norwood complains of an incident which occurred on Friday, April 12, 2013 at approximately 1:00 p.m., while he was being held in the Simpson County Adult Detention Center. The complaint alleges Officer Desmond Lee[1]

---

[1] This officer was originally identified as Desmond Smith, but on February 7, 2014 the Court entered an order substituting his proper name, Desmond Lee. [27]

summoned Norwood and inmate Xavier Crosby into the hallway and questioned them regarding "differences or difficulties that may have risen and/or in development." Inmate Crosby replied he had no problems or misunderstanding with Norwood, and Norwood responded to the question in like manner. Nevertheless, at approximately 4:00 p.m. the same day, Lee returned to take Norwood to segregation. Norwood alleges Lee was agitated and belligerent, cursing and making derogatory remarks. Not understanding why he was being taken to segregation, Norwood asked that Captain Fred Williams, or Sgt. Mary Weathersby be called to the area. When he asked for the third time to speak with Capt. Williams, he alleges Lee shot him in the abdomen with his taser gun.

     Norwood claims he was put in the hole without first receiving medical attention; that he was not taken to medical until the next shift came on the following Monday, April 15, 2013, and after he made several complaints of pain and threw up blood. The nurse had him transported to the hospital, where he was examined by the doctor, underwent tests and was taken to surgery for treatment of injuries he alleges resulted from his being tased.

     Norwood filed two lawsuits arising out of this incident, alleging Defendants violated his constitutional rights by using excessive force against him in the above referenced case, and by denying him access to adequate medical treatment in Case No. 3:13cv606-TSL-JMR. The Court entered an order February 7, 2014, consolidating the two cases and closing Case No. 3:13cv606.

     All defendants have moved for dismissal, or alternatively summary judgment, on grounds that Norwood failed to exhaust his available administrative remedies prior to filing suit. In support of their motion, Defendants submitted the Declaration of Fred Williams, a Simpson County Adult Detention Center Administrator. Because the Court is considering matters beyond the pleadings, the present motion will be resolved as one for summary judgment.

## Summary Judgment Standard

Under Rule 56, FED.R.CIV.P., a motion for summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).

The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). One seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, and any affidavits, which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. If the movant fails to show the absence of a genuine issue concerning any material fact, summary judgment must be denied, even if the non-movant has not responded to the motion. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). If the movant carries his burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex*, 477 U.S. at 324-325. The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial.

## Law and Analysis

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v.*

*Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).  Under the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed.Appx. 752, 755  (5th Cir. 2008).  Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *Taylor v. Burns*, 371 F.Appx. 479 (5th Cir. 2010)(affirming dismissal of prisoner's lawsuit for deliberate indifference to serious medical needs for failure to exhaust administrative remedies).  Merely initiating the grievance process or putting prison officials on notice of a complaint does not satisfy the exhaustion requirement – the grievance process must be carried through to its conclusion before suit can be filed under the PLRA.  *Wright*, 260 F.3d at 358.

      The declaration of Fred Williams establishes that there exists a grievance procedure at the Simpson County Detention Center, and Williams unequivocally states Norwood "did not file a grievance while at the Simpson County Detention Center."  [31-4, ¶ 5]  That, in addition to the fact that Norwood's complaint does not even allege that he completed the Administrative Remedy Program or grievance procedure prior to filing suit, provides sufficient grounds for dismissal of his lawsuit.  It is therefore,

**ORDERED AND ADJUDGED**, that Defendants' motion for summary judgment is granted and a judgment dismissing the case will be entered accordingly.

SO ORDERED, this the 23rd day of April, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE